UNITED STATES of America ex rel. Shaykh Muhammad Ali HASAN a/k/a Abyssinia Hayes, Appellant,

v.

Paul J. GERNERT, Chairman Pennsylvania State Board of Probation and Parole.

No. 16964.

United States Court of Appeals Third Circuit.

Argued Feb. 6, 1968.

Decided May 7, 1968.

John W. Packel, Defender Assn. of Philadelphia, Philadelphia, Pa., for appellant.

Michael J. Rotko, Asst. Dist. Atty., Philadelphia, Pa. (Welsh S. White, Asst. Dist. Atty., Alan J. Davis, Asst. Dist. Atty., Chief, Appeals Div., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order of the district court denying a Petition for A Writ of Habeas Corpus on the ground that appellant has failed to exhaust effective remedies available to him in the state courts. See 28 U.S.C. § 2254(b). Appellant's *Petition Under Post Conviction Hearing Act* filed in December, 1966 under Indictment Nos. 507 and 508 of September Sessions 1964 alleged that at his trial in 1964, the Commonwealth suppressed evidence contained in a Police Report (Form 48) showing that he was in a Philadelphia Hospital from 12:05 a. m. August 29, 1964 until 3:15 a. m. on that date and was taken from the hospital to a police station where he was detained until about 9 a. m. on that date, so that he could not possibly have engaged in activities incident to a riot at 1:30 a. m. and 3:30 a. m. as stated by witnesses who testified against him at his trial. See Commonwealth v. Hayes, 205 Pa.Super. 338, 209 A.2d 38 (1965). This Petition was dismissed on January 13, 1967 without the receipt of any evidence. Notice of such dismissal was sent by letter of January 17, 1967.

On February 1, Appellant sent to the Pennsylvania Superior Court an application for Allowance of Appeal and to Proceed in Forma Pauperis as well as a Petition for Appointment of Counsel. By letter of February 10, Appellant sent appeal forms, affidavits, etc. to the Superior Court but the prison authorities did not mail them until February 15 due to the Lincoln's Birthday and other holidays which made unavailable the Notary Public and the Censor at the State Institution. The Pennsylvania Appellate Courts were notified of this situation by a letter from the Warden.[1] However, such courts have refused repeatedly to file Appellant's appeal since it did not arrive until more than 30 days after the Order of January 13, 1967 was filed.

Under the foregoing circumstances, "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Also Appellant does not have the right under Pennsylvania law "to raise, by any * * procedure (available to him)," the question presented by his above-mentioned Petition filed in the state court in December, 1966. See 28 U.S.C. § 2254(c). Appellee suggests that Appellant should have asked permission to file an appeal with the Superior Court nunc pro tunc but cites no authority to show that such a procedure would be permitted. The Deputy Prothonotary of the Superior and Supreme Court of Pennsylvania had the letter from the Warden set forth in footnote 1 in his possession and he repeatedly returned Appellant's appeal papers and communications indicating that he had

---

[1]. This letter reads: "It has been brought to my attention that Petition to Superior Court, prepared by the above-named inmate, was late in arriving.

"I want to advise that the reason for the delay was not caused by the petitioner, but because of holidays which did not make readily available the Institution's Notary Public and Censor.

"Please take this into consideration when making your decision.

"Very truly yours,

"Saul R. Bookbinder, Warden"

no remedy because 30 days from January 13, 1967 had elapsed. See letters of February 16, 1967, February 24, 1967, March 13, 1967 and March 28, 1967. Neither Congress nor the Supreme Court of the United States has indicated that the state prisoner without legal training and without counsel (which he requested) is required to do more than Appellant has done to secure an evidentiary hearing in the district court on allegations such as those in this record.[2] On this record, Petitioner is entitled to a hearing in the district court on his petition for a writ of habeas corpus filed in that court. See Fay v. Noia, 372 U.S. 391, 433–435, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963).

The order of the district court will be vacated and the case remanded for proceedings in accordance with the foregoing opinion.

---

**2.** The District Court acted before any answers or other documents were filed by appellee, so that we have only his Petition filed in the District Court with attachments before us.